UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KELLY C. OSUJI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BREAD FINANCIAL PAYMENTS, INC.,<br>D/B/A COMENITY BANK.,<br><br>　　　　　Defendant. | No. 2:22-cv-01121 WBS KJN<br><br>ORDER DENYING PLAINTIFF'S <u>MOTION TO STRIKE AFFIRMATIVE DEFENSES</u> |

----oo0oo----

　　　　Before the court is plaintiff's motion to strike all but one of the seventeen affirmative defenses asserted in defendant's Answer to the Complaint. (Mot. to Strike (Docket No. 12-1).)

　　　　Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See Fed. R. Civ. P. 12(f). However, "[b]ecause motions to strike are 'often used as delaying tactics,' they are 'generally disfavored'

1

and are rarely granted in the absence of prejudice to the moving party." Pickern v. 3 Stonedeggs, Inc., No. 2:13-cv-1373 WBS, 2014 WL 309552, at *1 (E.D. Cal. Jan. 28, 2014) (quoting Rosales v. Citibank, Fed. Sav. Bank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).

There is no contention that any of the affirmative defenses contain impertinent or scandalous matter. Rather, it is argued that some are not actually affirmative defenses and that defendant has not sufficiently set forth the facts supporting others. There is no persuasive argument that the failure to strike any of those alleged defenses would result in any prejudice to plaintiff. For that reason, plaintiff's motion to strike the affirmative defenses will be DENIED. See Rosales, 133 F. Supp. 2d at 1180.

IT IS SO ORDERED.

Dated: January 6, 2023

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE